### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| MICHAEL TYE, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: |
| ) | |
| v. ) | |
| ) | |
| ADERHOLD PROPERTIES, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

## I. NATURE OF THE CLAIMS

PLAINTIFF MICHAEL TYE ("PLAINTIFF") asserts a claim under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq.* ("FLSA") for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation and attorneys fees, on the grounds set forth below.

## II. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b).

2. This Court has venue for all causes of action stated herein pursuant to 28 U.S.C § 1391(b)(2) as the acts alleged as a basis for the claim at issue took place within this Court's jurisdictional boundaries.

## III. PARTIES

3. PLAINTIFF is a United States citizen who resides in Acworth, Cobb County, Georgia.

4. DEFENDANT ADERHOLD PROPERTIES, INC. ("DEFENDANT") is a corporation doing business within this judicial district and is subject to the jurisdiction of this Court.

5. PLAINTIFF is a former employee of DEFENDANT who was denied proper overtime compensation during the relevant period of his employment.

6. DEFENDANT employed PLAINTIFF as an employee and therefore DEFENDANT is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and is not exempt under the Act.

7. Throughout PLAINTIFF'S employment, DEFENDANT was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. 203(s)(1), because it had employees engaged in commerce, and because its annual gross volume of sales made was more than $500,000.

## IV. FACTUAL ALLEGATIONS

8. Throughout PLAINTIFF'S employment, he was employed by DEFENDANT as a maintenance technician at DEFENDANT'S location in Canton, Georgia.

9. Throughout PLAINTIFF'S employment, he was paid at an hourly rate.

10. Throughout PLAINTIFF'S employment, his primary duties involved repairing and maintaining equipment.

11. Throughout PLAINTIFF'S employment, he was engaged in commerce and was employed by an enterprise engaged in commerce within the meaning of the FLSA and therefore is expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

12. Throughout PLAINTIFF'S employment, he was classified as a non-exempt employee for purposes of the FLSA.

13. Throughout PLAINTIFF'S employment, his primary duties conformed to a very specific standard of conduct that did not involve the exercise of discretion and independent judgment.

14. Throughout PLAINTIFF'S employment, his primary duties did not involve professional, administrative or managerial duties.

15. Throughout PLAINTIFF'S employment, he worked over forty (40) hours per week.

16. Throughout PLAINTIFF'S employment, DEFENDANT'S management was aware of the extra hours he worked each week in excess of 40 hours.

17. Throughout PLAINTIFF'S employment, DEFENDANT did not pay PLAINTIFF overtime compensation for work performed in excess of 40 hours in a workweek.

18. Throughout PLAINTIFF'S employment, there were occasions when PLAINTIFF submitted time sheets showing he worked more than 40 hours per week, but DEFENDANT refused to pay him proper overtime compensation.  Most of the time, however, PLAINTIFF was directed by his supervisors to not submit time sheets at all because, as his supervisors explained, DEFENDANT did not pay overtime compensation to employees; on those occasions, PLAINTIFF was paid for 40 hours per week – even though management was aware of the extra hours he worked each week in excess of 40 hours.

19. Throughout PLAINTIFF'S employment, there is no evidence that the conduct of DEFENDANT that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

20. Throughout PLAINTIFF'S employment, DEFENDANT knowingly, intentionally and willfully violated the FLSA by failing to pay PLAINTIFF the overtime compensation and other compensation to which he was entitled.

## VI. CLAIM

### COUNT I
### (Fair Labor Standards Act - 29 U.S.C. § 201 et seq.)

21.     PLAINTIFF re-alleges paragraphs 1-20 above and incorporate them by reference as if fully set forth herein.

22.     By engaging in the above-described conduct, DEFENDANT ADERHOLD PROPERTIES, INC. violated the FLSA with respect to PLAINTIFF.

23.     By engaging in the above-described conduct, DEFENDANT ADERHOLD PROPERTIES, INC. knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFF.

24.     Throughout the relevant period of this lawsuit, there is no evidence that the conduct of DEFENDANT ADERHOLD PROPERTIES, INC. that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

25.     As a direct and proximate result of the above-described conduct, PLAINTIFF has lost wages.

26.     Said violation gives rise to a claim for relief under the FLSA for PLAINTIFF for past due overtime compensation for three years prior to the filing of this Complaint, prejudgment interest, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 215 *et seq.*

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court do the following:

1. Issue a declaratory judgment that DEFENDANT ADERHOLD PROPERTIES, INC. has engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFF;

2. Require DEFENDANT ADERHOLD PROPERTIES, INC. pay PLAINTIFF for past due overtime compensation calculated at one and one-half times the proper normal rate that PLAINTIFF would have received but for unlawful conduct going back three (3) years from the date this Complaint was filed;

3. Require DEFENDANT ADERHOLD PROPERTIES, INC. to pay PLAINTIFF liquidated damages as provided for under the Fair Labor Standards Act;

4. Award PLAINTIFF his reasonable attorneys' fees and costs and expenses of suit arising from DEFENDANT'S violations under the Fair Labor Standards Act;

5. Permit a trial by jury on all issues so triable; and

6. Provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF** hereby demands a jury trial on all claims for which he has a right to a jury.

*s/ Alan H. Garber*
Alan H. Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847
THE GARBER LAW FIRM, P.C.
Suite 14
4994 Lower Roswell Road
Marietta, GA  30068
(678) 560-6685
(678) 560-5067 (facsimile)

**COUNSEL FOR PLAINTIFF**