# EXHIBIT A

# (Mutual Release and Settlement Agreement)

# MUTUAL GENERAL RELEASE AND SETTLEMENT AGREEMENT

THIS GENERAL RELEASE, SETTLEMENT AGREEMENT, AND COVENANT NOT TO SUE (hereinafter referred to as "Agreement"), is entered into this _____ day of _____, 2011, by and between Michael Tye (hereinafter referred to as "Tye") and Aderhold Properties, Inc., including but not limited to all Officers and Employees (hereinafter referred to collectively as "Aderhold" or "employer").

WHEREAS, Michael Tye filed a claim with the U.S. District Court for the Northern District of Georgia, Atlanta Division, Civil Action File No. 1:11-CV-0594-JOF asserting claims under the Fair Labor Standards Act for wage and hour violations: and

WHEREAS, Aderhold denies any wrong doing including any violation of the Fair Labor Standards Act with regards to the claim; and

WHEREAS, the parties to this Agreement all agree that there is a bona fide dispute between the parties and they desire to settle fully and completely any and all claims and defenses against each other without admission of liability in order to avoid the expense and inconvenience of further litigation.

NOW THEREFORE, in consideration of the promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. Except for those obligations of the parties set forth expressly and specifically below, Aderhold Properties, Inc. and its employees, and Michael Tye do hereby irrevocably and unconditionally release and discharge forever each other from any and all actions or causes of actions, suits, proceedings (whether civil, administrative or otherwise), debts, sums of money, accounts, contracts, controversies, promises, damages, judgments, executions, liabilities, claims, demands, costs or expenses of any kind or nature whatsoever, whether at law or in equity, or both, whether known or unknown, fixed, liquidated or contingent, direct or derivative, which they had, now have, or may in the future claim to have, by reason of any act, matter, thing or cause whatsoever on or prior to the date of this Agreement, including but not limited to any such claims arising out of or relating to Tye's

employment with the Employer, including, but not limited to, any claim under the Fair Labor Standards Act, codified at 29 U.S.C. § 201 et seq., unjust enrichment under Georgia law, any claim for punitive damages under O.C.G.A. § 51-12-5.1, attorney's fees and costs pursuant to O.C.G.A. § 13-6-11, Title VII of the 1964 Civil Rights Act ("Title VII") as amended, the 1866 Civil Rights Act as amended, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), 42 U.S.C., 1981 ("Section 1981") as amended, the Americans with Disabilities Act ("ADA"), the Civil Rights Act of 1991 ("CRA"), the National Labor Relations Act ("NLRA"), the Comprehensive Omnibus Budget Reconciliation Act of 1985 ("COBRA"), or similar statutes in the State of Georgia. Based on this Agreement, Horton, Clark and Richards expressly releases any claims they may have under 29 U.S.C. § 201, et seq., known as the Fair Labor Standards Act, Title VII, Section 1981, ADEA, OWBPA, ADA, CRA, NLRA, ERISA, and COBRA, or any claims under statutory, contract, or tort law, claims for age harassment, age discrimination, sexual harassment, sexual discrimination, discrimination based upon national origin, retaliation, wrongful termination, emotional distress, mental anguish, negligence, personal injury claims and/or workers compensation claims and any claims arising from, or relating in any manner to the employment with or separation from employment of Michael Tye by Aderhold Properties, Inc., or the obligations of Aderhold and Tye, to each other.

    2.    It is the specific intent and purpose of Aderhold and Tye to release and discharge each other from any and all claims and causes of action of any kind or nature whatsoever, which may exist or might be claimed to exist at or prior to the date hereof, including any claims whatsoever that has, through oversight or error, intentionally or unintentionally, been omitted from this Mutual General Release, and Settlement Agreement; provided, however, that nothing in this paragraph shall be construed to waive any party's right to enforce any provision of this Agreement. It is agreed and understood that this release by the parties is a General Release to be broadly construed, and that Tye releases all Aderhold employees, agents, officers, directors, subsidiary corporations, related corporations or similar entities or individuals. Employee understands and agrees that, by entering into this Agreement, (i) he is waiving any rights or claims he might have under the Fair Labor Standards

Act, codified at 29 U.S.C. § 201, et seq., and he is waiving any claim or claims he may have under Title VII of the Civil Rights Act of 1964 including but not limited to any claim of Discrimination based upon Race, National Origin, Retaliation, or any other protected class.

    3.    As further consideration, Aderhold agrees to pay Tye the total sum of Forty-One Thousand Dollars and No Cents ($41,000.00) gross, without applicable withholding as follows: a check payable to Michael Tye in the amount of Twenty-Two Thousand Eleven Dollars and No Cents ($22,011.00); and a check payable to The Garber Law Firm, P.C. in the amount of Eighteen Thousand Nine Hundred Eighty Nine Dollars and No Cents ($18,989.00).

The parties and their counsel agree that the settlement of plaintiff's overtime compensation claim is fair and reasonable in view of the facts in dispute and the risks to the parties if plaintiff''s claim was litigated to final disposition.

Tye agrees to hold Aderhold and its employees harmless in the event that the Internal Revenue Service questions the tax treatment of this settlement, except for those amounts that Aderhold would ordinarily be obligated to pay, and understands that no 1099 will be issued for said settlement amounts because of the uncertainty as to how the settlement amounts should be characterized for purposes of tax compliance.  All parties to this agreement shall be responsible for the reporting and characterization of any income, gain or deduction of the settlement amounts paid as required by law. The payments shall be sent to Alan H. Garber, Esq., The Garber Law Firm, P.C., 4994 Lower Roswell Road, Suite 14, Marietta, Georgia 30068.

    4.    Aderhold agrees that it shall provide to Tye's future employment prospects only the fact that Tye worked at Aderhold, his job duties, compensation, and the dates of employment.  No comment or any other information will be provided as to any other requests made upon Aderhold.

    5.    The above-mentioned consideration is hereby accepted by each party to this Agreement in full compromise, settlement, and in accord and satisfaction of the aforesaid liabilities, actions, claims, demands, and suits released under this Agreement, including all consequences thereof which may hereafter develop as well as those already developed or now apparent.  The parties hereby expressly acknowledge that the consideration recited herein is good, valuable and sufficient

consideration for the agreements made herein.

     6.    Upon receipt by Tye's attorney of the monies identified in paragraph 3 above – which shall be paid within 10 days of the date the Court enters an Order granting the parties' joint motion approving the settlement of plaintiff's FLSA claim – Tye agrees that he shall submit and file a Dismissal With Prejudice with the United States District Court for the Northern District of Georgia, Atlanta Division, in the matter of <u>Michael Tye v. Aderhold Properties, Inc.</u>, Case No. 1:11-CV-0594-JOF.

     7.    Tye shall not sue or initiate against any Released Party any compliance review, action, or proceeding, or participate in the same, individually or as a member of a class, and shall not be entitled to recover based on any claim filed on Employee's behalf under any contract (express or implied), or any federal, state, or local law, statute, or regulation pertaining in any manner to the Released Claims.

     8.    This Mutual General Release and Settlement Agreement constitutes the entire agreement among the parties with respect to the subject matter hereof.

     9.    The parties shall be responsible for the payment of their own attorneys' fees and legal expenses incurred in connection with the litigation, including the effectuation of this Agreement, and any administrative actions in which they have been involved. If any action is commenced to enforce this Agreement, the prevailing party shall recover its reasonable attorneys' fees and costs.

     10.    This Mutual General Release and Settlement Agreement is a compromise of disputed claims and shall never at any time for any purpose be considered as an admission of liability or wrongdoing by either Aderhold or Tye who expressly deny any such liability or wrongdoing.

     11.    Michael Tye represents and warrants that he is competent to enter into this Agreement and has the full right, power, and authority to enter into and perform his obligations hereunder. Micahel Tye and Aderhold agree and acknowledge they have read this Mutual General Release, Settlement Agreement and had ample opportunity to and/or has consulted with their attorney prior to executing it, fully understand and appreciate the legal significance of this Agreement, and enter into it knowingly and voluntarily.

12. Michael Tye expressly agrees never to seek employment, or reinstatement with Aderhold, and expressly forever releases and discharges Aderhold from any obligation to employ him in any capacity. Tye agrees that he will not say or do anything which would defame or disparage the reputation of Aderhold or its employees.

13. This Agreement will be governed by, and interpreted in accordance with, the laws of the State of Georgia.

14. This Agreement may not be modified in any manner except in writing signed by each of the parties hereto.

15. This Agreement shall be binding on and inure to the benefit of the parties hereto, their successors and assigns, their personal representatives, any trustees or conservators that might in the future be appointed for or on behalf of the parties hereto or their assets, and as to business or corporate entities, their related companies, predecessors, successors, and all of their past, present, and future officers, directors, agents, and employees, and their respective heirs and legal representatives.

16. This Agreement may be pled as a full bar to the enforcement of any claims arising from the transactions described herein. In any subsequent action in which the validity or effect of this Agreement is an issue, the party prevailing in such action shall be entitled to recover from the other party or parties its costs, expenses, and attorneys' fees in prosecuting or defending said action.

17. If any portion of this Agreement is held invalid, the remainder of the Agreement shall be enforced in harmony with the purpose of the Agreement and the intent of the parties at the time of its making. If any provision of this Agreement is held to be excessive as to time or scope, then that provision shall be interpreted as if its provisions reached only to the maximum extent enforceable under applicable law.

18. The parties declare and represent that no promise, inducement, or agreement not expressed in this Agreement has been made or offered and that this Agreement is not executed in reliance upon any statement or representation made except as specifically set out herein. It is understood and agreed that this instrument contains the entire agreement between the parties, and that the terms and provisions of this Agreement are contractual and not mere recitals. This Agreement may

be modified or amended only by the written agreement of the parties hereto.

19. This Agreement is deemed to have been drafted jointly by the parties' counsel and, in the event of a dispute, shall not be construed in favor of or against any party by reason of such party's contribution to the drafting of the Agreement.

20. This Agreement may be executed in counterparts which shall constitute one Agreement when executed by both parties.

IN WITNESS WHEREOF, the parties have signed below.

_____       _____
Witness                                               MICHAEL TYE


                                                              ADERHOLD PROPERTIES, INC.

_____       By:_____ Title: _____
Witness